UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17CV-97-TBR

MELVIN ALTHIZER                                                             PLAINTIFF

v.

DAWN STACY *et al*.                                                DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Melvin Althizer initiated this *pro se* action alleging violations of his constitutional rights in connection with an arrest. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

On October 27, 2017, the Court entered a Memorandum and Order finding that Plaintiff makes various claims in connection with his arrest and that it appeared from the complaint that the charges against him were still pending. The Court found that under *Wallace v. Kato*, 549 U.S. 384, 393 (2007), if Plaintiff had a criminal case still pending stemming from the allegations in the complaint, it may be necessary for the Court to stay the instant action until completion of the criminal matter. The Court noted, alternatively, that if Plaintiff had been convicted of the charges which he claims were brought illegally, his claims may be barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Therefore, the Court ordered Plaintiff to advise the Court in writing as to the status of the criminal charges against him within 30 days. The Court ordered Plaintiff to state all charges filed against him arising out of the incidents that are the subject of this lawsuit; to provide the Court with the criminal action

number(s) for those charges; for all charges, to state whether the charges have been dismissed, are still pending, or whether he has been convicted; if he has been convicted, to state whether a direct appeal or state collateral proceeding is pending; if he has been convicted, to state specifically on what charges he was convicted and provide a copy of the order or judgment of conviction entered in state court; and if any charges have been dismissed, to state specifically what charges have been dismissed and provide a copy of the order or judgment entered in state court. The Court warned Plaintiff that his failure to comply with the Order within 30 days would result in dismissal of this action for failure to comply with an Order of this Court.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Memorandum and Order or to take any other action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Memorandum and Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Ballard County Attorney
4413.010